**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRANT SMITH, derivatively on behalf of FUNKO INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN MARIOTTI, RUSSELL NICKEL, ANDREW PERLMUTTER, JENNIFER FALL JUNG, GINO DELLOMO, MICHAEL LUNSFORD, CHARLES DENSON, ADAM KRIGER, KEN BROTMAN, DIANE IRVINE, AND SARAH KIRSHBAUM LEVY,<br><br>    Defendants,<br><br>    -and-<br><br>FUNKO INC., a Delaware corporation,<br><br>    Nominal Defendant. | Case No. 2:22-cv-03155-WLH-PJW<br><br>**FINAL ORDER AND JUDGMENT** |

This matter came before the Court for hearing pursuant to the Preliminary Approval Order of this Court, dated July 26, 2024 ("Order"), on the motion of the parties for approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated March 4, 2024 ("Stipulation").

No objections having been received, the Court has reviewed and considered all documents, evidence, and arguments presented in support of or against the Settlement. Being fully advised of the premises and finding that good cause exists, the Court enters this Judgment.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of this case, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. Based on evidence submitted, the Court finds that notice of the Settlement was published and disseminated in accordance with this Court's Preliminary Approval Order. This Court further finds that the forms and contents of the Notice and Summary Notice, as previously preliminary approved by the Court, complied with the requirements of Federal Rule of Civil Procedure 23.1, satisfied the requirements of due process of the United States Constitution, and constituted due and sufficient notice of the matters set forth therein.

4. The Court finds that the terms of the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and hereby finally approves the Stipulation and Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

5. Pursuant to entry of this Judgment, this Demand Made Action and all claims contained therein against Defendants, as well as all of the Released Claims

against each of the Defendants and their Related Persons, are hereby dismissed with prejudice. As among the Plaintiffs and Defendants, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Upon the Effective Date, Funko, Plaintiffs (on behalf of themselves and derivatively on behalf of Funko), and all other Releasing Persons (derivatively on behalf of Funko) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons from the Released Claims. The Releasing Persons shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with respect to any Released Claims, and shall be permanently barred and enjoined from initiating, instituting, commencing, maintaining, or prosecuting any of the Released Claims against any of the Released Persons. Upon the Effective Date, the Releasing Persons shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of any state, federal, or foreign law, or principle of common law, which may have the effect of limiting the foregoing release. The foregoing release shall include a release of Unknown Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Parties to enforce the terms of the Stipulation or the Judgment.

7. Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasing Persons from all claims, sanctions, actions, liabilities, or damages arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Released Claims. The foregoing release shall include a release of Unknown Claims. Nothing herein shall in any way impair or restrict the rights of any Settling Parties to enforce the terms of the Stipulation or the Judgment.

8. Nothing in the Stipulation constitutes or reflects a waiver or release of any rights or claims of Defendants and/or Funko against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, including, but not limited to, any rights or claims by the Defendants under any directors' and officers' liability insurance or other applicable insurance coverage maintained by the Company. Nothing in the Stipulation constitutes or reflects a waiver or release of any rights or claims of the Defendants relating in any way to indemnification or advancement of attorneys' fees relating to the Action or the Released Claims, whether under any written indemnification or advancement agreement, or under the Company's charter, by-laws or operating agreement, or under applicable law.

9. During the course of the Litigation, all parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar rules, laws, or statutes.

10. The Court hereby approves the Fee and Expense Amount and Service Awards and finds that such awards are fair and reasonable.

11. Neither the Stipulation (including any Exhibits attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be, or may be offered, attempted to be offered or used in any way by the Settling Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing,

good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, and any of the Settling Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement or to secure dismissal of any claim that is, or the parties believe should be, released by the Stipulation.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, except as otherwise provided in the Stipulation.

13. This Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58 and all other similar laws.

IT IS SO ORDERED.

DATED: 11/18/2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE